### FRIEDMAN v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Term. May 6, 1909.)

1. MUNICIPAL CORPORATIONS (§ 777*)—OBSTRUCTION OF SIDEWALK—INJURY TO PEDESTRIAN.

The liability for injury to a pedestrian from temporary obstruction of a sidewalk with boards, during work on a building under permit from a city, is governed by the law of negligence, and not of nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1631; Dec. Dig. § 777.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 790*)—BUILDING MATERIAL ON SIDEWALK—IN-
JURY TO PEDESTRIAN—LIABILITY OF CITY.

A city, which gives a permit to place material in front of a building
during work on it, is not liable for injury to a pedestrian from the neg-
ligent arrangement of the material; it not having had notice of the de-
fective condition of the street and not having been responsible for the
placing of the material there.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1645, 1646; Dec. Dig. § 790.*]

3. MASTER AND SERVANT (§ 318*) — OBSTRUCTION OF SIDEWALK — INJURY TO
PEDESTRIAN—PERSON LIABLE—INDEPENDENT CONTRACTOR.

The owners of a building, permitted during work thereon to pile ma-
terial in front of it, cannot free themselves from liability, through failure
to keep the street reasonably free from obstructions, for injury to a
pedestrian from the obstruction, by showing the work was being carried
on by an independent contractor, who appears to have been more or less
under their supervision.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257,
1258; Dec. Dig. § 318.*]

4. MUNICIPAL CORPORATIONS (§ 818*)—OBSTRUCTION OF SIDEWALK—INJURY TO
PEDESTRIAN—NEGLIGENCE—EVIDENCE.

Evidence that other people had fallen at the same place about the same
time is admissible as against the owners of the building on the questions
of negligence and contributory negligence, in an action for injury to a
pedestrian from falling over building material piles in a street in front
of a building on which work was being done.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1735; Dec. Dig. § 818.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Morris Friedman against the City of New York and oth-
ers. Judgment for defendants, and plaintiff appeals. Affirmed in part
and reversed in part.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

Jerome H. Buck, for appellant.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan,
of counsel), for respondent City of New York.

Hillquit & Hillquit (Bertram L. Marks, of counsel), for respond-
ents Bloom & Shapiro.

PER CURIAM. The plaintiff appeals from a judgment dismissing
the complaint on the merits at the close of the whole case. The city
of New York issued a permit to the defendants Bloom & Shapiro to
place building materials in front of No. 109 Lewis street. Bloom &
Shapiro placed certain boards on the sidewalk in front of No. 109
Lewis street. The plaintiff struck his foot against one of the project-
ing boards, and fell, and sustained injury.

The theory of the plaintiff's case is that the boards constituted a
nuisance. The boards were merely a temporary obstruction of the
sidewalk, and the city had power to authorize its existence during the
alteration of the building of Bloom & Shapiro. This obstruction,
having been erected with the consent of the city and under its license,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

must be regarded as being governed by the principles of the law of negligence, and not the law of nuisance. Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398. The city was not liable under any circumstances, as no evidence was given to show notice to it of the defective condition of the street where the boards were, and because it was not in any way responsible for placing these boards upon the street. The complaint was, therefore, properly dismissed as to the city.

The trial justice, however, should not have dismissed the complaint as against the other defendants. There was evidence sufficient to go to the jury on the question of the plaintiff's freedom from contributory negligence, especially in view of the fact that he is 87 years of age. There was also sufficient evidence to go to the jury upon the question of the negligence of the defendants Bloom & Shapiro in failing to keep the street reasonably free from obstructions; nor could these defendants free themselves from such a duty by showing that the work was being carried on by an independent contractor, who appears to have been more or less under their supervision.

The court also erred in its exclusion of evidence as to other people having fallen at the same place at about the same time, because this was material upon both the negligence of these defendants and plaintiff's contributory negligence.

The judgment should be affirmed, in so far as it provides for the dismissal of the complaint as against the city of New York, with costs to the city, but reversed in so far as it provides for the dismissal of the complaint as against the defendants constituting the firm of Bloom & Shapiro, and a new trial ordered, with costs to appellant to abide the event.